United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTON WARNER KEADING,<br>Appellant,<br>v.<br>U.S. TRUSTEE, OFFICE OF THE U.S. TRUSTEE/OAKLAND,<br>Appellee. | Case No. 5:25-cv-04148-EKL<br><br>**ORDER REVERSING AND REMANDING DEBTOR'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL**<br><br>Re: ECF No. 1 |

Before the Court is Kenton Warner Keading's ("Debtor") appeal of the bankruptcy court's dismissal of his bankruptcy petition and its subsequent denial of Debtor's motion for relief from the dismissal order. For the reasons set forth below, the bankruptcy court's denial of Debtor's motion for relief is REVERSED and the Court REMANDS for further proceedings consistent with this Order.[1]

## I. PROCEDURAL HISTORY

On July 29, 2024, Debtor filed a voluntary petition for Chapter 11 bankruptcy. *In re Keading*, No. 24-41114 (Bankr. N.D. Cal.), ECF No. 1.[2] On July 31, 2024, Debtor's sister, Hilja Keading ("Creditor"), filed a notice of appearance. *Id.*, ECF No. 15. After once reminding Debtor that the filing fee had not been paid, the bankruptcy court dismissed Debtor's case on November 5, 2024. *Id.*, ECF No. 41. Nine days later, Debtor filed a motion for relief from the order of dismissal, noting that he paid the outstanding fee after receiving the order of dismissal.

[1] In this Order, the Federal Rules of Civil Procedure are referred to as "Civil Rules."

[2] As the record provided by Debtor is limited, the Court takes judicial notice of the bankruptcy court docket. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957-58 (9th Cir. 1989); *In re AVI, Inc.*, 389 B.R. 721, 725 n.2 (B.A.P. 9th Cir. 2008).

*Id.*, ECF No. 43. The bankruptcy court granted Debtor's motion for relief from the dismissal order shortly thereafter. *Id.*, ECF No. 44.

The bankruptcy court then scheduled two hearings for early 2025: first, a hearing on January 29 regarding Creditor's objection to Debtor's claim of the homestead exemption, *In re Keading*, ECF Nos. 60, 61; and second, a status conference on March 12, *id.*, ECF entry dated Jan. 8, 2025. The bankruptcy court also set March 12, as the deadline for Debtor's Chapter 11 plan.[3] *Id.*, ECF No. 70. Debtor failed to appear at either the January 29 hearing or the March 12 status conference. *Id.*, ECF entries dated Jan. 29, 2025, and Mar. 12, 2025. Additionally, Debtor did not file his Chapter 11 plan by March 12. *Id.*, ECF No. 78. At the March 12 status conference, the bankruptcy court dismissed the case for lack of prosecution. *Id.* On April 2, the bankruptcy court issued a separate order of dismissal, where the court described Debtor's failure to appear at either the hearing or status conference, as well as his failure to timely file a Chapter 11 plan. *Id.*

On April 11, 2025, Debtor filed a motion for relief from the order of dismissal pursuant to 11 U.S.C. § 105(a), Civil Rules 60(b)(1) and (6), and Federal Rule of Bankruptcy Procedure 9024. *In re Keading*, ECF No. 80 ("Mot. for Relief"). Debtor explained that he had been unable to participate in the March 12 status conference due to an electrical power outage at his residence. *Id.* at 4. Three days later, Creditor filed an opposition to Debtor's motion for relief, asserting that Debtor had not adequately explained his failure to file a Chapter 11 plan or his failure to appear at the January 29 hearing and the March 12 status conference. *In re Keading*, ECF No. 83.

On April 22, 2025, the bankruptcy court denied Debtor's motion for relief, finding no competent basis to grant relief to Debtor under 11 U.S.C. § 105(a) or Civil Rule 60. *In re Keading*, ECF No. 84 ("Order"). The bankruptcy court stated that in rendering its decision, it had considered "[Debtor's] Motion, the governing law, and . . . the Creditor's Opposition[.]" *Id.* at 2. No hearing was held on Debtor's motion for relief.

---

[3] The deadline for Debtor's Chapter 11 plan was extended to March 12, 2025, pursuant to Debtor's request. *In re Keading*, ECF No. 52; *id.*, ECF entry dated Jan. 8, 2025.

United States District Court
Northern District of California

On May 13, 2025, Debtor's appeal of the bankruptcy court's order was docketed. ECF No. 1-1. On June 25, the bankruptcy record on appeal was docketed in this matter. ECF No. 3. On October 30, this Court issued an order to show cause why the appeal should not be dismissed based on Debtor's failure to file his opening brief within thirty days of the record being docketed as required by Federal Rule of Bankruptcy Procedure 8081(a). ECF No. 4. On December 5, having not received any response to the order to show cause, the Court dismissed this appeal. ECF No. 6. Ten days later, Debtor filed a motion to vacate the order of dismissal and to reinstate the bankruptcy appeal. ECF No. 7. Debtor explained that he had timely filed an opening brief, but under the wrong civil case number and caption. *Id.* The Court, finding this explanation satisfactory under Civil Rule 60(b)(1), vacated its prior order of dismissal. ECF No. 8.

The Court now considers Debtor's opening brief in this bankruptcy appeal. Mot. to Vacate Order of Dismissal and Reinstate Appeal, Ex. A, ECF No. 7 ("Debtor Br."). No opposition to the appeal was filed.[4]

## II. ANALYSIS

Debtor requests reversal and reinstatement of his Chapter 11 bankruptcy case on three bases: (1) the bankruptcy court did not provide him with sufficient notice or opportunity to be heard pursuant to 11 U.S.C. § 1112(b)(1); (2) the record does not support a finding that he failed to prosecute his case; and (3) the bankruptcy court abused its discretion when it denied his motion for relief under Civil Rule 60(b). Debtor Br. at 1-2. Because the Court finds that the bankruptcy court failed to adequately address the *Pioneer* factors as required under Civil Rule 60(b), the Court reverses and declines to reach the substantive merits of the Debtor's arguments.

When reviewing a bankruptcy court's decision, a district court applies the same standard of review as the Ninth Circuit. *In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013). Debtor's motion for relief before the bankruptcy court was under Civil Rule 60(b), which applies in

[4] Notice of this appeal was sent to Creditor and the U.S. Trustee on May 9, 2025. ECF No. 1-1. On November 24, 2025, the U.S. Trustee gave notice that he would not participate in this appeal, since he did not participate in the proceedings before the bankruptcy court. ECF No. 5. Creditor has not made an appearance in this appeal.

bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9024. The Court reviews the bankruptcy court's denial of a Rule 60(b) motion for abuse of discretion – that is, whether the bankruptcy court "[did] not apply the correct law or if it rest[ed] its decision on a clearly erroneous finding of material fact." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

Civil Rule 60(b)(1) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." Determining whether excusable neglect has been established requires "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). To determine whether a party's neglect is excusable, courts consider the following factors articulated in *Pioneer*: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *In re Jensen*, No. 13-1606, 2015 WL 1019557, at *4 (B.A.P. 9th Cir. 2015); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the *Pioneer* factors for Rule 60(b) motions). Because "Rule 60(b) is remedial in nature . . . [it] must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1262 (9th Cir. 2010) (citation omitted).

The bankruptcy court erred by failing to engage with the *Pioneer* factors in its order. While Debtor himself did not invoke the *Pioneer* factors in his motion for relief, the bankruptcy court has the duty to raise and apply the correct legal standard. *Bateman*, 231 F.3d at 1224. In its order, the bankruptcy court noted Debtor's failure to appear at two hearings and to timely file a plan or disclosure statement. Order at 1. Debtor's multiple failures to comply with deadlines and general delay are grounds for finding a failure to prosecute. But the bankruptcy court did not explain whether it considered Debtor's proffered reasons for his absences and untimely filing. *See* Mot. for Relief at 4-8. The bankruptcy court also did not address any resulting prejudice to the other parties, the length of the delay, and whether Debtor acted in good faith. The failure to address the *Pioneer* factors and make findings is an abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009); *Bateman*, 231 F.3d at 1224 (while courts are not required to

explicitly name the *Pioneer* test, they must engage with the equitable factors listed in *Pioneer*). On remand, the bankruptcy court must address the *Pioneer* factors.[5] *In re Jensen*, 2015 WL 1019557, at *5; *In re PG&E Corp.*, 651 B.R. 448, 454 (N.D. Cal. 2023).

## III. CONCLUSION

For the foregoing reasons, the bankruptcy court's order denying Debtor's motion for relief is REVERSED. The case is REMANDED to the bankruptcy court for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

[5] In doing so, the bankruptcy court should "find the facts specifically and state its conclusions of law separately," as required by Federal Rules of Bankruptcy Procedure 9014 and 9024. *In re Jensen*, 2015 WL 1019557, at *5 (citing *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 871 (B.A.P. 9th Cir. 2012)).